1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   JONATHAN BELTRAN,

11                      Plaintiff,              CASE NO. 2:17-CV-01118-DWC

12        v.                                    ORDER REVERSING AND
                                                REMANDING DEFENDANT'S
13   NANCY A BERRYHILL, Deputy                  DECISION TO DENY BENEFITS
     Commissioner of Social Security for
14   Operations,

15                      Defendant.

16
          Plaintiff Jonathan Beltran filed this action, pursuant to 42 U.S.C. § 405(g), for judicial
17
     review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI")
18
     and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil
19
     Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by
20
     the undersigned Magistrate Judge. *See* Dkt. 5.
21
          After considering the record, the Court concludes the Administrative Law Judge ("ALJ")
22
     erred in her treatment of two medical opinions. Had the ALJ properly considered these medical
23
     opinions, the residual functional capacity ("RFC") may have included additional limitations. The
24

1 | ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to

2 | sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security

3 | ("Commissioner") for further proceedings consistent with this Order.

4 | FACTUAL AND PROCEDURAL HISTORY

5 | On March 17, 2014, Plaintiff filed applications for SSI and DIB, alleging disability as of

6 | December 10, 2009. *See* Dkt. 8, Administrative Record ("AR") 20. The applications were denied

7 | upon initial administrative review and on reconsideration. *See* AR 20. ALJ Stephanie Martz held

8 | a hearing on February 4, 2016. *See* AR 43-68. In a decision dated March 24, 2016, the ALJ

9 | determined Plaintiff to be not disabled. AR 20-36. The Appeals Council denied Plaintiff's

10 | request for review of the ALJ's decision, making the ALJ's decision the final decision of the

11 | Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

12 | In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to give

13 | specific and legitimate reasons to discount medical opinion evidence from examining physician

14 | Dr. Rahul Khurana, M.D., and treating physician Dr. Caitlin Enright, M.D.; (2) improperly

15 | assessing Plaintiff's residual functional capacity ("RFC"); and (3) failing to provide clear and

16 | convincing reasons to discount Plaintiff's subjective symptom testimony. Dkt. 10, pp. 2-15.

17 | Plaintiff argues that as a result of these errors, an award of benefits is appropriate. *Id.* at 15-16.

18 | STANDARD OF REVIEW

19 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

20 | social security benefits if the ALJ's findings are based on legal error or not supported by

21 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

22 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

23 |

24 |

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

DISCUSSION

**I.    Whether the ALJ properly considered the medical opinion evidence.**

Plaintiff argues the ALJ erred in her treatment of the medical opinion evidence from Drs. Khurana and Enright. Dkt. 3, pp. 3-10.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.  Dr. Khurana

First, Plaintiff argues the ALJ erred in her treatment of medical opinion evidence from examining physician Dr. Khurana. Dkt. 10, pp. 3-8.

Dr. Khurana performed a consultative psychiatric examination of Plaintiff on July 21, 2014. *See* AR 393-97. In his evaluation report, Dr. Khurana diagnosed Plaintiff with recurrent and severe major depressive disorder; post-traumatic stress disorder; panic disorder with agoraphobia; alcohol dependence (in remission); cocaine dependence (in remission); and

1  amphetamine dependence (in remission). AR 395. In addition, Dr. Khurana opined Plaintiff may

2  have a "possible learning disorder." AR 395.

3      Based on Plaintiff's "reliable self-report" as well as Dr. Khurana's "interview [and]

4  observations," Dr. Khurana made several findings regarding Plaintiff's ability to conduct work

5  activities. *See* AR 395-95. Dr. Khurana found Plaintiff had "minimal job skills" and "decreased

6  ability to learn new job skills." AR 395. Dr. Khurana also opined Plaintiff had "minimal

7  difficulty with simple instructions." AR 395. However, he was markedly impaired in his ability

8  to make "work-related judgments or carry out more complex instructions" due to depression,

9  anxiety, and a possible learning disorder. AR 395. Furthermore, Dr. Khurana stated Plaintiff had

10  "extreme disability for sustained concentration [and] persistence." AR 395. Dr. Khurana

11  moreover opined Plaintiff's illnesses made social interactions with the public, supervisors, and

12  co-workers "extremely difficult." AR 395. Dr. Khurana found Plaintiff would have "extreme

13  difficulty responding to changes in the work routine." AR 395. Based on Plaintiff's medical and

14  psychiatric illnesses, Dr. Khurana stated it was "unrealistic" for Plaintiff to "ever work again in

15  any significant capacity." AR 395.

16      The ALJ summarized Dr. Khurana's opinion and then give it little weight, stating:

17      (1) Dr. Khurana's opinions are not supported by his own examination that showed
        no problems with attention, concentration or memory. (2) The claimant
18      misspelled the word "world," but that does not establish a learning disorder. (3)
        Dr. Khurana claimed that the claimant had marked limitations in complex
19      instructions and exercising judgment; yet the claimant is responsible for raising a
        small child on his own, which requires him to exercise judgment every day. (4)
20      Dr. Khurana claimed that the claimant has extreme difficulty responding to
        change and extreme difficulties with social interactions; but while it is evident
21      that the claimant has social difficulties, he is not precluded from brief interactions
        with    others.    (5)    The    longitudinal    review    of    the    state    agency
22      psychiatric/psychological consultants is consistent with the claimant's medical
        evidence of record, and I give more weight to those opinions.

23
   AR 31-32 (numbering added).
24

1    While the ALJ provided five reasons to discount Dr. Khurana's opinion, each of these

2 reasons contained error. First, the ALJ gave Dr. Khurana's little weight because she found Dr.

3 Khurana's opinion unsupported by his examination, which the ALJ claimed "showed no

4 problems with attention, concentration or memory." AR 32. The ALJ's statement is unsupported

5 by the record, as Dr. Khurana's examination indeed showed problems in these areas. For

6 example, when Dr. Khurana asked Plaintiff to repeat the numbers 8-0-7-5-2-9, Plaintiff

7 responded "8-0-2-9." AR 394-95. Similarly, when asked to say the numbers 6-4-0-7 backwards,

8 Plaintiff responded "7-4-0-6." AR 395. Plaintiff also erred on counting by seven backwards. AR

9 394. Thus, the ALJ's assertion that Dr. Khurana's examination showed no problems with

10 attention, concentration, or memory was unsupported by substantial evidence in the record and

11 not a specific, legitimate reason to discount this opinion. *See Bayliss*, 427 F.3d at 1216 (citation

12 omitted) (an ALJ may only reject a physician's contradicted opinion with "specific and

13 legitimate reasons that are supported by substantial evidence").

14    Second, the ALJ discounted Dr. Khurana's opinion by stating Plaintiff's misspelling of

15 the word "world" during Dr. Khurana's examination did not establish Plaintiff has a learning

16 disability. AR 33. Nonetheless, contrary to the ALJ's assertion, Dr. Khurana did not opine that

17 Plaintiff has a learning disorder; rather, Dr. Khurana repeatedly stated Plaintiff has a "*possible*

18 learning disorder." *See* AR 395 (emphasis added). Further, on the list of Plaintiff's diagnoses,

19 Dr. Khurana wrote "R/O Learning Disorder," indicating he was unwilling to rule out or commit

20 to that diagnosis at the time. *See* AR 395; *see also Melendez v. Fla. Dep't of Corr.*, 2016 WL

21 5539781, at *3 (N.D. Fla. Aug. 30, 2016) (citations and internal quotation marks omitted)

22 (noting "R/O is an abbreviation for "'rule out,' a term used in differential diagnosis," and

23 differential diagnosis is used to determine the most likely cause of the patient's symptoms). Dr.

24

1  Khurana also did not state that it was Plaintiff's misspelling of the word "world" that lead to this

2  potential diagnosis. *See* AR 394-95. Therefore, the ALJ's second reason for discounting Dr.

3  Khurana's opinion was not specific and legitimate or supported by substantial evidence, as it did

4  not accurately reflect Dr. Khurana's report.

5          Third, the ALJ gave Dr. Khurana's opinion little weight because the judgment necessary

6  for Plaintiff to raise a small child contradicted Dr. Khurana's opinion that Plaintiff was limited in

7  his ability to follow complex instructions and exercise judgment. AR 33. An ALJ may discount a

8  physician's findings if those findings appear inconsistent with a plaintiff's daily activities. *See*

9  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). In this case, however, the fact that

10  Plaintiff is a parent does not necessarily show he can follow complex instructions or exercise

11  judgment without limitations. The record reflects Plaintiff is a single parent. AR 51-53. He gets

12  his daughter ready for pre-school, bathes her, and puts her to bed. *See* AR 51-53, 227, 230, 638.

13  The school provides Plaintiff's daughter with breakfast, lunch, and a snack each day. AR 59. Yet

14  the record further shows Plaintiff's daughter misses school a few times a month when Plaintiff is

15  "not feeling well" due to his mental and physical health conditions, and she could face

16  disenrollment if she continues to miss school. AR 56, 708. Plaintiff also expressed stress

17  surrounding getting his daughter to bed at night. *See* AR 505, 638, 698.

18          Hence, Plaintiff's actions as a parent that are contained in the record do not necessarily

19  contradict Dr. Khurana's opinion that he is limited in his ability to follow instructions and

20  exercise judgment. Accordingly, this was not a specific, legitimate reason, supported by

21  substantial evidence in the record as a whole, to reject Dr. Khurana's opinion. *See Bayliss*, 427

22  F.3d at 1216 (citation omitted) (an ALJ may only reject a physician's contradicted opinion with

23  reasons "supported by substantial evidence"); *see also Trevizo v. Berryhill*, 871 F.3d 664, 682

24

1 (9th Cir. 2017) (finding that, with few details in the record about the claimant's childcare

2 activities, "the mere fact that [the claimant] cares for small children does not constitute an

3 adequately specific conflict with her reported limitations").

4      Fourth, the ALJ discounted Dr. Khurana's findings regarding Plaintiff's difficulties

5 responding to change and having social interactions because "he is not precluded from brief

6 interactions with others." AR 33. An ALJ may discount a physician's opinion if it is

7 inadequately supported "by the record as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*,

8 359 F.3d 1190, 1195 (9th Cir. 2004) (citation omitted). Regardless, an ALJ cannot discount a

9 physician's opinion in a conclusory manner; instead, the ALJ must state her interpretations and

10 explain why they, rather than the physician's interpretations, are correct. *See Embrey*, 849 F.2d

11 at 421-22.

12      In this case, the ALJ's fourth reason for discounting Dr. Khurana's opinion was

13 conclusory because she failed to cite any evidence in the record showing Plaintiff's social

14 interactions and explain how it contradicts Dr. Khurana's findings. As such, this was not a

15 specific, legitimate reason, supported by substantial evidence, to reject Dr. Khurana's findings.

16 *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an

17 accurate and logical bridge from the evidence to her conclusions so that we may afford the

18 claimant meaningful review of the SSA's ultimate findings.").

19      Fifth, the ALJ gave "more weight" to the non-examining stage agency consultants over

20 Dr. Khurana's opinion because she found their "longitudinal review . . . consistent with

21 [Plaintiff's] medical evidence of record." AR 33. A non-examining physician's opinion "may

22 constitute substantial evidence when it is consistent with other independent evidence in the

23 record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (citing *Magallanes,* 881 F.2d

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

at 752). However, an examining physician's opinion is "entitled to greater weight than the

opinion of a nonexamining physician." *Lester,* 81 F.3d at 830 (citations omitted); *see also* 20

C.F.R. § 404.1527(c)(1). As such, a non-examining physician's opinion "cannot by itself

constitute substantial evidence that justifies the rejection of the opinion of either an examining

physician or a treating physician." *Lester,* 81 F.3d at 831 (citations omitted); *see also Buck v.*

*Berryhill*, 869 F.3d 1040, 1049-50 (9th Cir. 2017).

     In this case, the ALJ discounted Dr. Khurana's opinion in favor of the non-examining

state agency consultants because the consultants' opinions were consistent with the medical

evidence. AR 33. Yet the ALJ failed to state whether – and if so, how – these opinions were

*more* consistent with the record than Dr. Khurana's opinion. *See* AR 33. Instead, the ALJ

rejected Dr. Khurana's opinion in a conclusory manner in favor of the non-examining state

agency consultants. *See* AR 33. Given that a non-examining physician's opinion alone cannot

justify rejecting an examining physician's opinion, this was not a specific, legitimate reason to

reject Dr. Khurana's opinion.[1] *See Lester,* 81 F.3d at 831 (citations omitted); *see also Buck*, 869

F.3d at 1049-50.

     For the above stated reasons, the ALJ failed to provide any specific, legitimate reason,

supported by substantial evidence, to give Dr. Khurana's opinion little weight. Therefore, the

ALJ erred.

     Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d

1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

---

[1] In addition to the opined limitations discussed above, Dr. Khurana assigned Plaintiff a Global Assessment Functioning ("GAF") score of 45-50. AR 395. The ALJ discredited this part of Dr. Khurana's opinion. AR 33. However, given that Plaintiff failed to provide an argument explaining how the ALJ erred in her treatment of this GAF score, the Court will not consider whether the ALJ erred regarding this particular part of Dr. Khurana's report. *See* Dkt. 10; *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2007) (citation omitted) (the court will not consider an issue that a plaintiff fails to argue "with any specificity in his briefing").

1  claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

2  *Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at

3  1115. The determination as to whether an error is harmless requires a "case-specific application

4  of judgment" by the reviewing court, based on an examination of the record made "'without

5  regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-

6  1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

7       In this case, had the ALJ properly considered Dr. Khurana's opinion, the RFC and

8  hypothetical questions posed to the vocational expert ("VE") may have contained additional

9  limitations. For example, the RFC and hypothetical questions may have reflected Plaintiff's

10  "extreme" difficulties concentrating and responding to changes in work routine. The RFC and

11  hypothetical questions may have also reflected Plaintiff's marked limitation in making work-

12  related judgments. The RFC and hypothetical questions posed to the VE did not contain these

13  limitations. *See* AR 26, 65-66. Thus, if limitations reflecting Dr. Khurana's findings were

14  included in the RFC and the hypothetical questions posed to the VE, the ultimate disability

15  determination may have changed. Accordingly, the ALJ's failure to properly consider Dr.

16  Khurana's opinion was not harmless and requires reversal. *See Molina*, 674 F.3d at 1117 (an

17  error is not harmless if it "alters the outcome of the case").

18       B.  Dr. Enright

19       Next, Plaintiff maintains the ALJ erred in her treatment of medical opinion evidence from

20  Dr. Enright, Plaintiff's treating physician. Dkt. 10, pp. 8-10.

21       Dr. Enright responded to a Washington State Department of Social and Health Services

22  ("DSHS") evaluation form regarding Plaintiff's ability to conduct work activities. *See* AR 482-

23  84. Dr. Enright opined Plaintiff is unable to lift heavy objects and cannot walk or sit for long

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 9

1  periods of time without discomfort. AR 483. She determined he is capable of performing

2  sedentary work, defined as lifting up to 10 pounds and sitting, walking, and standing for brief

3  periods. AR 483. Dr. Enright wrote Plaintiff's low back pain (related to mild degeneration and

4  musculoskeletal strain), morbid obesity, depression, and anxiety contribute to his limitations. AR

5  482. In all, Dr. Enright opined Plaintiff's conditions limit him to working, looking for work, or

6  preparing for work for up to 11-20 hours per week. AR 482.

7        The ALJ summarized Dr. Enright's opinion and assigned it "partial weight," stating:

8        (1) Although she is a treating source, Dr. Enright did not explain her opinion or
         support it with specific findings, though she did cite diagnoses of low back pain,
9        morbid obesity; and depression and anxiety, which were treated by another
         source, and affect the claimant's ability to lose weight. (2) Dr. Enright's treatment
10       notes do not offer findings that show that the claimant lacks stamina for full-time
         work, especially at a sedentary level.

11
   AR 32 (internal citation omitted; numbering added).
12
         First, the ALJ gave Dr. Enright's opinion partial weight because Dr. Enright did not
13
   support her opinion with specific findings other than citing Plaintiff's diagnoses. AR 32. An ALJ
14
   need not accept a physician's opinion that is "brief, conclusory, and inadequately supported by
15
   clinical findings." *Bayliss*, 427 F.3d at 1216 (citing *Tonapetyan*, 242 F.3d at 1149). However, if a
16
   treating physician's opinion is "supported by treatment notes," it cannot be rejected as
17
   "conclusory and inadequately supported by the clinical findings" merely because the physician
18
   gave her opinion in a check-box questionnaire. *Esparaza v. Colvin*, 631 Fed.Appx. 460, 462 (9th
19
   Cir. 2015) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014 n.17 (9th Cir. 2014)).
20
         In this case, Dr. Enright provided her opinion on a DSHS check-box questionnaire. AR
21
   482-84. Dr. Enright's treatment notes are also included in the record. *See, e.g.*, AR 277-341, 468-
22
   70, 475-79, 572-78, 582-86. These treatment notes support the conditions and relevant symptoms
23
   Dr. Enright cited on the DSHS form as causing Plaintiff's limitations, such as back pain, obesity,
24

1 and anxiety. *See, e.g.*, AR 295, 301, 315, 320, 321, 353, 575, 581, 583, 595, 605, 700-01, 709.

2 Because Dr. Enright's treatment notes and objective observations support the conditions she

3 cited as causing Plaintiff's limitations, the ALJ erred by discounting Dr. Enright's opinion for

4 not being accompanied by specific findings. *See Esparaza*, 631 Fed.Appx. at 462; *see also*

5 *Garrison*, 759 F.3d at 1014 n.17 (a treating physician's opinion cannot be rejected merely

6 because of its form if the opinion reflects and is consistent with treatment notes in the record).

7        Second, the ALJ gave Dr. Enright's opinion only partial weight because she found Dr.

8 Enright's treatment notes did not show Plaintiff lacked the stamina for full-time work. AR 32.

9 Despite the ALJ's assertion, Dr. Enright did not opine Plaintiff could only work 11-20 hours per

10 week due to his *stamina*; rather, Dr. Enright opined Plaintiff was limited in his ability to work

11 due to his conditions, including low back pain, morbid obesity, depression, and anxiety. *See* AR

12 482. Moreover, the ALJ's statement is conclusory. The ALJ failed to explain how or what

13 aspects of Dr. Enright's treatment notes failed to support her opinion. *See* AR 32. Therefore, the

14 ALJ's second reason for discounting Dr. Enright's opinion was not specific and legitimate

15 because it was unsupported by the record and conclusory. *See Embrey*, 849 F.2d at 421-22

16 (conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's

17 rejection of an opinion).

18       For the above stated reasons, the Court concludes the ALJ failed to provide specific and

19 legitimate reasons, supported by substantial evidence, to discount Dr. Enright's opinion. As such,

20 the ALJ erred. Had the ALJ properly considered Dr. Enright's opinion, the RFC and hypothetical

21 questions posed to the VE may have contained limitations accounting for Dr. Enright's opinion

22 that Plaintiff cannot walk or sit for long periods. The RFC and hypothetical questions may have

23 also included the limitation that Plaintiff can only work 11-20 hours per week. As the ultimate

24

DEFENDANT'S DECISION TO DENY BENEFITS
- 11

1  disability decision may have changed with proper consideration of Dr. Enright's opinion, the

2  ALJ's error is not harmless and requires reversal. *See Molina*, 674 F.3d at 1115.

3  **II.     Whether the ALJ properly assessed the RFC and properly considered Plaintiff's subjective symptom testimony.**

4

5  Plaintiff also argues the ALJ erred because the RFC is not supported by substantial

   evidence in the record. Dkt. 10, pp. 11-12. Moreover, Plaintiff asserts the ALJ erred with respect

6  to Plaintiff's subjective symptom testimony. *Id.* at 12-15.

7  The ALJ committed harmful error regarding medical opinion evidence from Drs.

8  Khurana and Enright. *See* Section I., *supra*. Because the ALJ's reconsideration of these medical

9  opinions may impact the RFC, the ALJ is directed to reassess the RFC on remand. *See* SSR 96-

10 8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source

11 opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an

12 RFC that fails to take into account a claimant's limitations is defective").

13 In addition, as reconsideration of the medical opinions from Drs. Khurana and Enright

14 may impact the ALJ's consideration of Plaintiff's subjective symptom testimony, the ALJ shall

15 reconsider Plaintiff's testimony on remand, as well.

16 **III.    Whether an award of benefits is warranted.**

17 Lastly, Plaintiff requests the Court remand his claim for an award of benefits. Dkt. 10, pp.

18 15-16.

19 The Court may remand a case "either for additional evidence and findings or to award

20 benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court

21 reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

22 agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

23 Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

24

1 | evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211

2 | F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

3 | (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved

4 | before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such

5 | evidence credited.

6 | *Smolen*, 80 F.3d at 1292.

7 | In this case, the ALJ committed harmful error regarding the medical opinions of Drs.

8 | Khurana and Enright. Because outstanding issues remain regarding the medical evidence,

9 | Plaintiff's RFC, and his ability to perform other jobs existing in significant numbers in the

10 | national economy, remand for further consideration of this matter is appropriate.

11 | CONCLUSION

12 | Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

13 | Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

14 | this matter is remanded for further administrative proceedings in accordance with the findings

15 | contained herein.

16 | Dated this 29th day of March, 2018.

17 |

18 | David W. Christel
United States Magistrate Judge

19 |

20 |

21 |

22 |

23 |

24 |